IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MONICA L. VARELA-DURON                                                                    PLAINTIFF

V.                             CIVIL NO. 2:14-cv-02030-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Monica Varela-Duron, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background**

Plaintiff protectively filed applications for DIB and SSI on October 28, 2010, alleging disability since April 1, 2010, due to chronic obstructive pulmonary disease (COPD), high blood pressure, arthropy of the left ventricle, and migraines. (Tr. 32, 186) An administrative hearing was held on October 25, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 47-88)

By a written decision dated August 15, 2012, the ALJ found Plaintiff had the following severe impairments: COPD, obesity, hypertension, migraines, and obstructive sleep apnea. (Tr. 34)

After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 35) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work except:

> she must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dust, gases, and poor ventilation. Additionally, she should avoid hazards, including no driving as part of work, due to her complaints of dizziness. (Tr. 35)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work (PRW), but could perform the requirements of the representative occupations of patcher-assembly worker and credit card interviewer/charge account clerk. (Tr. 41-42) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 42)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on December 12, 2013. (Tr. 1-4) Subsequently, Plaintiff filed this action on February 10, 2014. (Doc. 1)  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 11, 12)

**II.  Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th

Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. Discussion**

Plaintiff argues the ALJ erred by: (1) not holding a supplemental hearing to allow cross-examination of a medical expert; (2) not including additional impairments at step two; (3) improperly discounting her subjective complaints; and, (4) improperly weighting the medical opinions. (Doc. 11, pp. 12-13)

At the hearing, Plaintiff presented evidence of COPD, including a 2008 spirometry test showing her forced expiratory volume (FEV) was very close to meeting the requirements of Listing 3.02 for chronic pulmonary insufficiency. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 3.02. The ALJ determined a specialized consultative exam was necessary, and Plaintiff underwent a pulmonary function study on December 16, 2011. (Tr. 84-87, 871-874) The report showed the results of Plaintiff's "best efforts," but provided no analysis of Plaintiff's limitations. (Tr. 871-874) The terse report was summarized by the ALJ, who highlighted the FEV/FVC results and mentioned the report indicated Plaintiff was a lifetime smoker, which was used as a factor to discredit Plaintiff's subjective complaints. (Tr. 38-39)

Following the examination, the ALJ proffered correspondence on February 7, 2012, containing the report and stating Plaintiff could submit written comments and additional evidence to the ALJ, or direct written questions to the author of the report. (Tr. 229) The letter also stated:

> You may also request a supplemental hearing at which you would have the opportunity to appear, testify, produce witnesses, and submit additional evidence and written or oral statements concerning the facts and law. If you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision. In addition, you may request an opportunity to question witnesses, including the author(s) of the enclosed reports(s). I will grant a request to question a witness if I determine that questioning the witness is needed to inquire fully into the issues. If an individual declines a request by me to appear voluntarily

> for questioning, I will consider whether to issue a subpoena to require his or her appearance.[1]

(Id.) Plaintiff responded on February 17, 2012, and requested a supplemental hearing be held with a medical expert to consider "medical equivalency to Listing 3.02 with consideration of the combination of impairments." (Tr. 232). In a letter dated April 19, 2012, the ALJ responded:

> Your letter of February 17, 2012, wherein you request a supplemental hearing be held with medical expert testimony has come to my attention. As you know, similar to the need for vocational expert opinion in a case, the need for medical expert opinion in a case is left to the Administrative Law Judge's discretion. After further review of [Plaintiff's] case, I have determined there is no need for medical expert opinion. Consequently, your request is denied.

(Tr. 234). The ALJ's denial letter appears to violate the Commissioner's internal policy for ALJs, which provides:

> If the claimant requests a supplemental hearing, the ALJ must grant the request unless the ALJ has already decided to issue a fully favorable decision.

HALLEX § I-2-7-30(C)(1). And further states:

> If the claimant requests an opportunity to question any other author(s) of posthearing evidence, the ALJ will evaluate whether questioning the author is necessary to inquire fully into the matters at issue. If it is necessary, the ALJ will determine whether to conduct the questioning through live testimony or written interrogatories. Generally, an ALJ will not use interrogatories when there may be difficulty anticipating the questions that will arise.

HALLEX § I-2-7-30(C)(1); I-2-5-78.

While "due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports," social security disability hearings are non-adversarial

---

[1] The ALJ's language is based on Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX), which directs ALJs to grant a supplemental hearing "unless the ALI received additional document evidence that supports a fully favorable decision." HALLEX § I-2-7-30(C)(1); *Ellis v. Astrue*, No. 4:07CV1031, 2008 WL 4449452 at *15 (E.D. Mo. Sept. 25, 2008).

proceedings and do not require full courtroom procedures. *Coffin v. Sullivan*, 985 F.2d 1206, 1212 (8th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 402 (1971));  *Hepp v. Astrue*, 511 F.3d 798, 805-806 (8th Cir. 2008). The Eighth Circuit has clarified *Coffin* does not stand for the absolute right to subpoena a reporting physician. Because the Commissioner's regulations provide the ALJ the discretion "to issue a subpoena when 'reasonably necessary for the full presentation of case' the regulatory right to cross-examine is qualified and not absolute." *Passmore v. Astrue*, 533 F.3d 658, 661-662 (8th Cir. 2008) (citing 20 C.F.R. §§ 404.950(d)(1)); *see also Hepp*, 511 F.3d at 805-806 (holding the opportunity to cross-examine a medical expert by telephone provided  a full and fair hearing).

Whether a claimant's due process rights have been violated requires the application of the *Eldridge* balancing test.  *Id.* at 664-666 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, (1976)).[2] Applying this balancing test to the facts before it, the Court in *Passmore* concluded the claimant was not denied due process because a medical expert, who had reviewed all reports, was available for cross-examination at the hearing even though an author of a report was not present. This allowed "an opportunity to confront the evidence [Plaintiff] believed was adverse to his claim."[3] *Id.*

---

[2] To determine whether the process afforded is sufficient under the due process clause, courts must balance: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.*

[3] The Court also discussed *Flatford v. Chater*, 93 F.3d 1296, 13-6-1307 (6th Cir. 1996), which addressed several factors common to the administrative process. For instance, the use of interrogatories as a substitute procedure obviates many dangers, and a large number of subpoenas would place a significant burden on the administrative system.

Employing the *Eldridge* balancing test, the process here was not adequate and was significantly less than the process afforded the claimant in *Passmore*. The ALJ did not permit a hearing, and no there was no opportunity to cross-examine an expert witness.

The ALJ's first letter presented many procedures that could have satisfied due process, including a hearing. (Tr. 229) Plaintiff selected a supplemental hearing and, additionally, requested the presence of a medical expert. The ALJ's second letter stated he would not subpoena a medical expert and denied Plaintiff's request for a supplemental hearing. (Tr. 234) The denial letter gave the appearance the ALJ would no longer permit interrogatories, and when considered along with the first letter's statement a hearing would be granted upon request, hinted the ALJ was not considering an unfavorable determination. *See Ellis,* 2008 WL 4449452 at *15 ("It is not clear why the ALJ first told Plaintiff that if he requested a supplemental hearing one would be granted, but several days later denied Plaintiff's explicit request for such a hearing[,] . . . the letter denying Plaintiff's request for a supplemental hearing . . . could have reasonably led Plaintiff to believe that the right to submit written questions . . . was also revoked as was the right to a hearing upon timely request.").

The ALJ's denial of a hearing without plainly allowing substitute measures did not provide sufficient process. Plaintiff's COPD was central to the presentation of her case, evidence in the record indicates Plaintiff's COPD became increasingly worse between the hearing and the ALJ's decision, and the lack of analysis in the report meant the ALJ needed to interpret the significance of the pulmonary function study without the help of any medical expert. Considering these facts, it was reasonable for Plaintiff to request a supplemental hearing, and she should have been afforded some measure of process.

Finally, there does not appear to be an undue burden to grant a supplemental hearing since the manual for ALJs provides for a supplemental hearing upon request. Presumably, the Social Security Administration has internally weighed the costs and benefits of providing a hearing and concluded the additional process afforded by a hearing normally outweighs the hardship. If for some reason a supplemental hearing was unnecessary, the ALJ should have clarified his statement that a hearing would be granted at Plaintiff's request, and directed a substitute process such as interrogatories.

On remand, Plaintiff should be given a meaningful opportunity to address the post-hearing report.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of July, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE